UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RJT WHELCHEL DEVELOPMENT CO., LLC, ) | | |
| ) Plaintiff, ) | | |
| ) | 3:13-cv-00242-RCJ-VPC | |
| vs. ) | | |
| ) | | |
| WHELCHEL MINES CO., et al., ) | **ORDER** | |
| ) | | |
| Defendants. ) | | |
| ) | | |

Plaintiff sued Whelchel Mines Co., the Estate of Arthur Whelchel, the Estate of Thressa Mae Eva Whelchel, Elizabeth Ann Whelchel (in her capacity as personal representative of those two estates), Timothy A. Whelchel, John A. Whelchel, and Anita Whelchel in this Court to quiet title to certain mining claims. The parties stipulated to a consent judgment, which the Court entered before ruling on a then-pending motion to intervene by Great Basin Mining & Exploration Corp. ("Great Basin") and Continental Exploration and Mining Co. ("Continental," and collectively, "Petitioners"). The Court later denied Petitioners' motion to intervene as moot.

Plaintiff has now filed a motion under Rule 60(b), asking the Court to amend the Complaint to add as defendants Loren J. Whelchel and Sharon Gail Lane (nee Whelchel), who Plaintiff now believes may claim an interest in the disputed claims because they, like Timothy and John Whelchel, are potential heirs or legatees of deceased non-party Michael Ralph Whelchel. Petitioners have asked the Court to reconsider intervention if the Court is inclined to give Plaintiff leave to amend the Complaint.

No party has timely opposed the motion to amend, but Plaintiff has timely opposed the

motion to intervene. Plaintiff wishes to obtain a *quasi in rem* judgment and has recently discovered new parties to which he would like the judgment to apply. Reopening the case to give these new parties notice and an opportunity to be heard, such that the judgment will pertain to them, as well, is appropriate. Reconsideration of the motion to intervene is not appropriate, however. The Court will therefore vacate the previous consent judgment and permit Plaintiff to file an amended complaint, and it will deny Petitioners' renewed motion to intervene.

Intervention is not warranted. Plaintiff correctly notes in opposition that the Complaint seeks only a *quasi in rem* judgment as against the parties to the action, such that intervention by right is not appropriate because a judgment would not impair the ability of Petitioners to protect their own interests. *See* Fed. R. Civ. P. 24(a)(2). Petitioners could bring a future action to adjudicate their rights in the property generally, or as against Plaintiff, and the judgment in the present action would have no preclusive effect in those proceedings as to Petitioners. Neither will the Court grant permissive intervention. Petitioners do not argue there is any federal statute granting them a conditional right to intervene or that their claims share common questions of law or fact. *See* Fed. R. Civ. P. 24(b)(1). Petitioners argue purely under Rule 24(a).

However, Petitioners note that there have been several state court actions as to the disputed mining claims, so the Court will order Plaintiff to identify whether any such actions remain pending, whether any pending actions were filed prior to the present action, and if so show cause why the case should not be dismissed for lack of jurisdiction under the prior exclusive jurisdiction doctrine. *See, e.g.*, *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). Plaintiff shall also identify any unresolved probate issues affecting title to the disputed mining claims, and, if any exist, show cause why the case should not be dismissed or stayed pending resolution of those issues in state court. *See Markham v. Allen*, 326 U.S. 490, 494 (1946).

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 22) is GRANTED and the Judgment (ECF No. 18) is VACATED.

IT IS FURTHER ORDERED that the Motion to Intervene (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SHOW CAUSE within fourteen (14) days of the entry of this Order into the electronic docket why the case should not be dismissed under the prior exclusive jurisdiction rule and why the case should not be dismissed or stayed pending the resolution of any probate issues in state court. Defendants and Petitioners may respond within seven (7) days thereafter.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge